# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

**FILED**
OCT 06 2015
Phil Lombardi, Clerk
U.S. DISTRICT COURT

Franklin C. Smith
_____
Plaintiff

vs.

Case Number: 15-CV-573-GKF-PJC
(To be supplied by Court Clerk)

Sheriff; Stanley Glanz, (Pursuant to Rule; 25(d) Seperation from office) An action does not abate when a public officer resigns. And the office's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name. The Court may order substitution at any time, absence of such an order does not affect the substitution (See No. 2 Below; And Relief sought of Grand Jury Decision(s).)

Judge; Dawn Moody
Supervisor; Tracy Jennings

Defendant(s)

Current Location (including Address) of Confinement:
Franklin C. Smith / DOC # 1227767
Tulsa County Jail / J-12 / Cell-I
300 N. Denver
Tulsa, Oklahoma 74103

Prisoner Number: (1227767)

## CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

**A. Parties**

1) Franklin C. Smith (Plaintiff) is a citizen of Oklahoma (State) who presently resides at Tulsa County Jail, 300 N. Denver, Tulsa, Oklahoma 74103. (Mailing address or place of confinement)

2) Defendant Sheriff, Stanley Glanz (Name of first defendant) is a citizen of Tulsa, Oklahoma (City, State), and is employed as Sheriff, however, in the process of resigning due to "malfeasance in office". Among other violations of the law. (Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? [✓] Yes [ ] No

If your answer is yes, briefly explain: Stanley Glanz was still Sheriff until it was recommended by the Grand Jury to resign on (September 30th, 2015).

3) Defendant Judge; Dawn Moody (Name of second defendant) is a citizen of Tulsa, Oklahoma (City, State), and is employed as Judge who is assigned to Mental Health Court. (Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under the color of state law? [✓] Yes [ ] No

If your answer is yes, briefly explain: Judge Moody & supervisor Tracy Jennings are assigned to mental health court that operates in conjunction with the Sheriff's Dept.

*[You may attach one additional page (8 ½" x 11") to furnish the above information for additional defendants.]*

**B.  Jurisdiction**

1) Jurisdiction is asserted pursuant to: (Check one)

   [✓]  42 U.S.C. §1983 (applies to state prisoners)

   [ ]  *Bivens v Six Unknown Named Agents of Fed. Bureau of Narcotics* 403 U.S. 388 (1971) and 28 U.S.C. §1331 (applies to fed. prisoners)

2) Jurisdiction also is invoked pursuant to 28 U.S.C. §1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

   Heck v. Humphrey, 512 U.S. 519 (1992) Abused, misused and misapplied the legal process justified in itself for an end other than that which it was designed to accomplish; Such as, to discriminate against the Plaintiff's disabilities.

**C.  Nature of Case**

1) Briefly state the background of your case. Sheriff Glanz, Judge Moody, and supervisor Jennings, operate a mental health program that runs in conjunction with the Sheriff's Dept. and Judge Moody's mental health Court, which Plaintiff (who is a qualified disabled person) has been excluded from participating and denied the benefits of the services,

**D.  Cause of Action** and activities, subjecting him to discrimination by this entity.

1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations: *[If necessary, you may attach up to two additional pages (8½" x 11") to explain any allegation or to list additional supporting facts.]*

   a)  (1) Count I: Pursuant to title-II under the (ADA) provides, no qualified person with a disability shall be excluded from participating in or be denied the benefits of the services, programs, or activities or be discriminated against by such entity.

   (2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

   During the pendency of Plaintiff's lawsuit against Sheriff Glanz he was denied access to participate in the mental health program in collusion with Judge Moody and Supervisor Jennings constituting a violation under the ADA. Twice in (September 2014) and in (July 2015).

   b)  (1) Count II: Judge Moody has allowed others with disabilities in the mental health program, But denies Plaintiff access to the program, constituting →

→ a violation of Title-II under The Americans with Disabilities Act, and Section-504 of The Rehabilitation Act by also excluding Plaintiff as a qualified disabled person, by reason of such disability, denying him the benefits of such services, programs, and activities of the public entity due to her discrimination.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

But has allowed other inmates into the mental health program with worse records, even a gang affiliate: such as, Ahern M. Hill, and inmates James Williams, Billy Goodloe, Chris Roache and Daniel Wimmer and so on.

c) (1) Count III: Supervisor of the program Tracy Jennings, also has not allowed Plaintiff into the program depriving Plaintiff as a qualified disabled individual to participate in the benefits, services and programs & activities due to discrimination.

(2) Supporting Facts: (Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

However, Defendant Jennings has allowed all the above inmates; (Ahern M. Hill- Gang Affiliated), James Williams, Billy Goodloe, Daniel Wimmer and Chris Roache and more, except Plaintiff who is the only one going to Vinita psychiatric hospital this year, which could of obtained services in the community instead, opposed to being hospitalized.

E. **Request for Relief**

1) I believe that I am entitled to the following relief: Due to the Grand Jury indictment upon defendant Glanz, which was the cause of Plaintiff being wrongfully put in isolation at the same time he was denied access into the mental health program on (July 14th, 2015). Plaintiff is requesting $10,000,000 for the Discrimination. And $5,000,000 for punitive damages to "Assure" it doesn't happen to others who are qualified disabled individuals seeking benefits of programming to stabalize themselves.

/Original Signature of Attorney (if any)        Original Signature of Plaintiff

* FOOTNOTE:

(Franklin C. Smith)

Plaintiff is also claiming Imminent Danger—
— after another death of inmate; Danny Watters at the Tulsa County Jail, (9/19/15) invoking this Court to compel Sheriff Glanz to transfer Plaintiff to Vinita Psychiatric Hospital.

Attorney's full address and telephone number

10-4-2015

MONYAMARIE BLACK
Notary Public in and for
STATE OF OKLAHOMA
Commission #11006780
Expires: July 26, 2019

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746. 18 U.S.C. §1621.

Executed at  The Tulsa County Jail in Oklahoma.  on  October 1st, 2015 .
             (Location)                                (Date)

(Harlow vs. Fitzgerald, 457 U.S. 800 (1981))   Franklin C. Smith
                                               (Original Signature of Plaintiff)

We agree with the substantive standard, imposing liability when a public official-defendant "knew or should have known" of the Constitutionally violative effect of his actions. This standard would not allow the official who actually knows that he was violating the law to escape liability for his actions, even if he could not "reasonably have been expected" to know what he actually did know. Thus, the clever and unusually well-informed violator of Constitutional rights will not evade punishment for his crimes. We also agree that this standard applies "across the board", to all "government officials performing discretionary functions". It seems to us given this standard, it would be inescapable that some measure of discovery may be required to determine exactly what a public official did know at the time of his actions. In this respect, the issue before us is very similar to that addressed in (Herbert vs. Lando, 441 U.S (1979)).

Congressional and public scrutiny maintain a constant and pervasive check on abuses and such aides/officials may be prosecuted criminally (See Nixon, ante at 757)

(See also Grand Jury indictment against defendant, Sheriff Stanley Glanz)

(Black's Law Dictionary, Sixth Edition, p.266, ISBN 0-314-76271-X:)
(Color of Law):
Acts "under color of any law", of a State include not only acts done by State officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of an official to be done "under color of any law", the unlawful acts must be done while such official is purporting or pretending to act in the performance of his official duties; that is to say, the unlawful acts must consist in an abuse or misuse of power which is possessed by the official only because he or she is an official; and the unlawful acts must be of such a nature or character, and be committed under such circumstances, that they would not have occurred but for the fact that the person committing them was an official then and there exercising his official powers outside the bounds of lawful authority. 42 U.S.C.A. §1983.

Therefore; In the supportive case law above, there is no distinction, whether the defendants had direct involvement or they were sitting on the sidelines, whereby, all the defendants' immunities are dissolved and liable pursuant to the "Americans with Disabilities Act"

Respectfully Submitted
Franklin C. Smith

JARVIS ALLEN
Notary Public in and for
STATE OF OKLAHOMA
Commission #15004030
Expires: April 29, 2019

10/4/15

# INMATE GRIEVANCE FORM
(For Sheriff's Office use only)

(Subject) Violations of Civil, Constitutional & Statutory Rights, committing a prohibited act by (T.C.S.O.) subordinates Sgt. Holloway & D.O. Gunter, causing unjust denial & restriction of inmate privileges. Violates TULSA COUNTY SHERIFF'S Federal Criminal Code (18 U.S.C.A. § 1512) Condemning me to Solitary Confinement to impede, hinder, and prevent the process of my Federal proceedings constituting criminal conduct dangerously treading into Federal crimes & other violations.

**Grievance Record #** _____

**INMATE'S NAME** (Franklin C. Smith)   **DLM #** (1227767)
(Please Print Full Name)

**DATE/TIME** (July, 22nd, 2015 / 12:08 P.m.)   **CELL# / BED #** (J-11/Cell-00/Solitary Confinement)

**GRIEVANCE** (ATTN: Sheriff; Stanley Glanz), I was brought back from Rogers County Jail (July 2nd, 2015) Courtesy hold, with no write ups and placed in (Isolation) by Sgt. Holloway refusing to send out my legal mail to the Federal Courts & refusing access to legal material, etc. It is the role of Courts to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm; it is not the role of Courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and our Constitution. In the context of this present complaint, it is for the Courts to remedy past or imminent official interference with individual inmates' presentation of claims to the Courts; it is for the political branches of the State and Federal Government to manage County Jails/Prisons in such fashion that official interference with the presentation of claims will not occur. (Violations are ongoing.)

**INMATE'S SIGNATURE** (Franklin C. Smith)

**OFFICER'S SIGNATURE** _____ **MAN #** _____ **DATE/TIME RECEIVED** _____

**RESPONSE** _____

**RESPONDENT'S SIGNATURE AND TITLE** _____ **MAN #** _____ **DATE/TIME** _____

**INMATE'S SIGNATURE** _____ **DATE/TIME** _____
Signature is acknowledgement of response, not agreement of response.

CCy To: U.S. Dept. of Justice, Federal Bureau of Investigation, Chief, Stephen E. Isaii, Civil Rights Unit, Criminal Investigative Division, 935 Pennsylvania Avenue, N.W., Washington D.C. 20535

Form 2413 (Rev. 6-07)

**OKLAHOMA DEPARTMENT OF MENTAL HEALTH
AND SUBSTANCE ABUSE SERVICES
OKLAHOMA FORENSIC CENTER**

September 18, 2015



The Honorable William J. Musseman
Judge of the District Court
Tulsa County Courthouse
501 Courthouse, 500 S. Denver
Tulsa, Oklahoma 74103

RE:  SMITH, FRANKLIN CHARLES (DOB: 05-21-1963)
CF-2014-3749

Dear Judge Ferrell Musseman:

In response to your Order dated 08-26-2015, I evaluated Mr. Smith on an outpatient basis at the David L. Moss Criminal Justice Center for adjudicative competence and have reached the following conclusions.

## PROCEDURES OF EVALUATION:
1. Clinical interview and competency evaluation of Mr. Smith, conducted by Scott Orth, Psy.D. at the David L. Moss Criminal Justice Center (DLMCJC) on 09-16-2015, totaling approximately 50 minutes.
2. Review of the Order on the Hearing of the Application for Determination of Competency for CF-2014-3749 from the District Court of Tulsa County, dated 08-26-2015.
3. Review of the Amended Application for Determination of Competency for CF-2014-3749 from the District Court of Tulsa County, filed 08-24-2015.
4. Review of the Application to Revoke Suspended Sentence for CF-2014-3749 from the District Court of Tulsa County, filed 06-10-2015.
5. Review of the Booking Detail for Mr. Smith.
6. Records check with the medical records departments at the Oklahoma Forensic Center (OFC) and Tulsa Center for Behavioral Health (TCBH) for Mr. Smith (09-01-2015).
7. Review of www.oscn.net and www.ok.gov/doc records for Mr. Smith, retrieved electronically on 09-15-2015.

## CRIMINAL INFORMATION AND REASON FOR REFERRAL:
According to the Application to Revoke Suspended Sentence for CF-2014-3749, on 10-16-2014 Mr. Smith entered a plea of guilty to one felony count of Burglary – Second Degree and the Court suspended the sentence for a term of four years. Mr. Smith allegedly violated the terms and conditions of his probation in that he allegedly has "failed to pay restitution as ordered and is currently $150.00 in arrears" as well as having been charged with CF-2015-2692 (Tulsa County).

According to the Amended Application for Determination of Competency for CF-2014-3749, Mr. Howard's attorney, Stuart W. Southerland, expressed concern regarding his client's adjudicative competence. Specifically, Mr. Southerland alleged Mr. Smith "is unable to discuss the underlying facts of the case(s) pending against him, as he is of the belief that this Court lacks the jurisdiction to prosecute him. This was evident in two conversations that the undersigned attorney had with Mr. Smith while in custody at the David L. Moss Criminal Justice Center. The problem with Mr.

September 18, 2015
SMITH, Franklin Charles
CF-2014-3749
Page 2

Smith's belief is that that [sic] it interferes with his ability to aid counsel; he is unwilling to discuss the factors of his case in any detail, he is unwilling to discuss plea-bargaining,[1] and does not appreciate that if convicted he will go to prison. He believes that he has a legal jurisdiction argument which if properly presented will result in his release from jail." Mr. Southerland further alleged "Mr. Smith does not seem to understand that even if he is correct regarding his jurisdictional arguments, another prosecuting authority would be able to take the case. Finally, his difficulty in assisting counsel is directly related to a mental illness; Mr. Franklin was diagnosed with Schizoaffective disorder as recently as May 13, 2015, at the Family and Children's Services Crisis Center. During that visit he expressed paranoid delusions [firm false beliefs despite clear evidence to the contrary] similar to those expressed to counsel." Subsequently, on 08-26-2015, the District Court of Tulsa County ordered the current evaluation.

**NOTIFICATION OF LIMITS OF CONFIDENTIALITY:**
Mr. Smith was informed (in simple language) of the nature and purpose of this evaluation and the limitations of confidentiality. He was informed that this was an evaluation for adjudicative competence, that the usual doctor-patient relationship did not exist, and that a report would be prepared and submitted to the referring court and both the prosecuting and defense attorneys, and could be used in legal proceedings. Mr. Smith was able to indicate an appropriate understanding of the limits of confidentiality and his responses indicated he understood the information conveyed to him regarding the evaluation.

**COLLATERAL INFORMATION:**
*David L. Moss Criminal Justice Center:* In a documented phone conversation with DLMCJC staff Patty Benoit (09-01-2015), she reported that Mr. Smith was currently prescribed Doxepin (antidepressant). It was further reported that Mr. Smith had not engaged in any behavioral incidents since being detained in that facility.

*Records check for Mr. Smith:* According to the medical records department at OFC and TCBH, Mr. Smith does not have any documented history of ever having previously received services at either of those facilities.

**CURRENT MENTAL STATUS:**
Mr. Smith is a 52-year-old White male who appears his stated age and is groomed within community standards. During this evaluation he displays neither increased nor decreased psychomotor activity. He maintains appropriate eye contact with this examiner, within cultural norms. Mr. Smith's speech initially is average in volume and rate, but becomes increasingly pressured (accelerated speech) as the evaluation progresses. Mr. Smith's mood (sustained emotion) is euthymic (normal), but his affect (immediately expressed or observed emotion) becomes increasingly animated as the evaluation progresses, particularly as he discusses his current legal situation. Overall, Mr. Smith's attention, concentration, and focus are impaired. His memory appears grossly sufficient for adjudicative competence. Also, his intellectual functioning is grossly clinically estimated to be within the average range, as assessed by his general fund of information, syntax, vocabulary, and reasoning ability. While Mr. Smith's expressed thoughts are coherent (understandable) and goal-directed, they evidence persecutory delusions (beliefs that one is being conspired against, followed, maliciously maligned, harassed, or obstructed), which he intricately

September 18, 2015
SMITH, Franklin Charles
CF-2014-3749
Page 3

intertwines into his current legal situation. For example, when I query Mr. Smith about how he believes he could proceed with his case, he states "I'm taking it to trial, all the way. The judge has to prove I withdrew my plea. I already withdrew my plea under duress. There's no way they could convict me. I mean it's hard to prove malicious prosecution, but they're misusing the law to prosecute me. The judge was deleting the transcripts from my appeals case, and that proves criminal intent on the judge's part. See, he [referring to the judge] is doing all this because I filed a federal lawsuit against them [referring to the Tulsa County Sheriff's Department], and got the FBI involved. The judge is just trying to protect the deputy in my federal case, and that's why I think the time is right to take this to trial right now. That, and with the grand jury investigation into the Sheriff's Department, I think the time is right and the people of Tulsa will see that." Mr. Smith reports a history of experiencing auditory hallucinations, although he currently denies such experiences. During the current evaluation, Mr. Smith does not evidence any substantial overt signs of perceptual disturbances (i.e., hallucinations).

**RELEVENT HISTORY FROM DEFENDANT:**
Mr. Smith reports a history of prior inpatient mental health treatment, noting "I've been to the state hospital in Delaware, Virginia State Hospital, and the state hospital in Chattahoochee, Florida," noting "they were all court ordered, I was found incompetent to proceed." He also reports having received inpatient mental health services at "Freeman Hospital in Missouri." Mr. Smith reports that since being detained in DLMCJC, he is currently prescribed "Doxepin and Zyprexa [antipsychotic]," noting "Dr. Fox just started me on Zyprexa on July 20th of this year" and "oh yes, I'm taking all of them, I'm all for assistance. It all helps, especially with the voices and telepathic messages." Mr. Smith notes "I've been on [Social Security] Disability for the last two years for Paranoia Type Schizophrenia and Bipolar, sudden outburst of crying, and delusional thoughts, hallucinations, and racing thoughts." Educationally, Mr. Smith reports he completed school to the "tenth grade" but subsequently completed his GED. While in school he describes his grades as "I was below average, a low C, but I taught myself how to read. I mean I have a thought disorder, but I've spent a lot of time learning civil law, and when you're in jail you can work at your own pace, so I've absorbed it all and I like it." Mr. Smith indicates he was placed in special education classes "when I was younger, for English. I was a slow learner." Regarding being identified with any learning or intellectual disabilities, Mr. Smith states "yeah, I had learning difficulties and a thought disorder and racing thoughts and hardships in my family." Medically, Mr. Smith states "left shoulder, all the tendons are busted up." Regarding head injuries and or losses of consciousness, Mr. Smith states "oh yeah, I've had tons, living on the streets for the past 25 years. A cop in New Orleans busted my nose, I've been hit the head with fists, a car accident, hit in the head with a billy club, and I fell on my head." When I ask about any sequelae associated with his self-reported head injuries, Mr. Smith states "headaches. And I've also got posttraumatic dementia [*sic*]. Boxers get it. It's from getting hit in the head so many times. It's still in the early stages right now, but I'm afraid as I get older it'll get worse. Plus, my mom has dementia. The doctors in Delaware told me it's what I have." This examiner does not know of any medical health history that would interfere with Mr. Smith's competency related abilities. Lastly, this examiner does not have access to any additional records to either substantiate or refute Mr. Smith's self-reported history.

**RESPONSES TO COURT ORDERED ITEMS:**
In line with the Court's order, the following are offered:

September 18, 2015
SMITH, Franklin Charles
CF-2014-3749
Page 4

1. If the person is able to appreciate the nature of the charges made against such person.

**YES.** Mr. Smith demonstrates that he is aware of his current legal situation, behaviorally defining and detailing it, including awareness of his pending charges for CF-2015-2539, CF-2015-2649, & CF-2015-2692 (all Tulsa County). Mr. Springwater is aware of the potential penalty of a possible conviction, as well as alternative outcomes of possible conviction or acquittal. Lastly, Mr. Springwater demonstrates an appreciation of the severity of his current legal situation and he evidences motivation to obtain a favorable outcome as perceived by him.

2. If the person is able to consult with the lawyer and rationally assist in the preparation of the defense of such person.

**NO.** This examiner is not aware of any records indicating Mr. Smith has any significant cognitive impairment. Thus, Mr. Smith likely has the requisite ability to have a factual understanding of the criminal justice system. However, his current mental state interferes with his ability to demonstrate factual and rational understanding of the criminal justice system. His current mental state also interferes with his ability to consult with and rationally assist his attorney in his defense as he is unable to discuss the events and details surrounding his current legal situation, the potential evidence and its impact on his case, and his desired defense strategy without significant interference from his apparent mental illness. Furthermore, his current mental state will significantly interfere with his ability to work effectively with an attorney. As such, it appears that Mr. Smith is unable to engage in or assist his attorney in such tasks as communicating relevant facts, evaluating possible plea options, challenging witnesses, and planning a legal strategy.

3. If the person is unable to appreciate the nature of the charges or to consult and rationally assist in the preparation of the defense, whether the person can attain competency within a reasonable period of time as defined in Section 1175.1 of this title if provided with a course of treatment, therapy or training.

**YES.** Mr. Smith's current mental state significantly interferes with his competency related abilities. The signs that Mr. Smith is currently exhibiting are consistent with what is typically seen in individuals with a substantial mental illness. If presently provided with a course of treatment, therapy, or training Mr. Smith's mental state will likely be stabilized so that his current mental status would no longer interfere with his competency related abilities.

4. If the person is a person requiring treatment as defined by Section 1-103 of Title 43A of the Oklahoma Statutes.

**YES.** Mr. Smith currently evidences signs that are consistent with a substantial mental illness and meets the inpatient criteria of "a person requiring treatment" under Title 43A.

5. If the person is incompetent because the person is mentally retarded as defined in Section 1408 of Title 10 of the Oklahoma Statutes.

**NOT APPLICABLE.**

September 18, 2015
SMITH, Franklin Charles
CF-2014-3749
Page 5

6. If the answers to questions 4 and 5 are no, why the defendant is incompetent.

**NOT APPLICABLE.**

7. If the person were released, whether such person would presently be dangerous as defined in Section 1175.1 of this title.

<u>YES.</u> According to Section 1175.1 "dangerous" means a person who is a person requiring treatment as defined in Section 1-103 of Title 43A of the Oklahoma Statutes. This assessment of dangerous is limited to *present* behavior and based on observations during this evaluation and records provided by the court. Therefore, it is not an appraisal of risk of violence or self-harm in the future, as that is a separate and complex evaluation not under the scope of this evaluation.

Mr. Smith currently denies any suicidal or homicidal ideation, intent, or plans. He also denies any history of ever having attempted suicide. This examiner does not know of any recently documented incidents or serious threats of self-injurious or physically aggressive behaviors towards others or serious and immediate threats of physically aggressive behaviors towards others as the result of being a person who is requiring treatment in for Mr. Smith while in DLMCJC. Per statutory definition, however, Mr. Smith meets statutory criteria of dangerous, given that due to his current mental state it is arguable that without treatment "there exists a substantial risk that severe impairment or injury will result to the person."

**REPORT SUMMARY**
Mr. Smith is a 52-year-old White male who was evaluated on an outpatient basis at the David L. Moss Criminal Justice Center for his adjudicative competence. While Mr. Smith is able to demonstrate an appreciation of his current legal situation, his current mental state significantly interferes with his present ability to consult with and rationally assist his attorney in his defense, though given a period of treatment, therapy, or training it is likely that his mental state will stabilize so that his current mental state would no longer interfere with his competency related abilities. Mr. Smith currently meets the inpatient criteria of "a person requiring treatment" under Title 43A and he currently meets the statutory criteria of dangerous.

Given Mr. Smith's current mental state it is recommended that any court orders for commitment for treatment and competency restoration include a statement that allows for treating physicians to treat Mr. Smith as they medically deem necessary, with or without his consent, including, but not limited to, the use of psychotropic medications.

Respectfully submitted,

Scott Orth, Psy.D.
Forensic Psychologist,
Oklahoma Forensic Center
Oklahoma License #1119



neopost
10/05/2015
US POSTAGE $001.64

ZIP 74127
041L12203728

Franklin C. Smith
DZM #127161752/Cell-I
Tulsa County Jail
300 N. Denver
Tulsa, Oklahoma 74103

* (Legal mail)*

ATTN;

* Clerk United States District Court
Northern District of Oklahoma
333 West Fourth Street, Room 411
Tulsa, Oklahoma 74103-3819

14-CV-511

(As documentation is very essential)

LEGAL